IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ROBERT S. HILLARD,** | ) | CASE NO. 4:08CV3031 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **CITY OF FAIRBURY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint in this matter on February 19, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) Plaintiff also filed a Motion to Intervene (Filing No. 8), which is pending as of the date of this Memorandum and Order. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.     INITIAL REVIEW OF COMPLAINT

    A.     **Summary of Complaint**

Plaintiff's Complaint names twelve defendants, including the City of Fairbury, Nebraska, the Fairbury, Nebraska Police Department, Jefferson County, Nebraska, the Jefferson County, Nebraska Sheriff's Department, and eight individuals. (Filing No. 1 at CM/ECF pp. 2-3.) Defendants Rick Carmichael, Brett Wentz and Brooks Bryan (collectively, the "Fairbury Officers") are employed by the Fairbury, Nebraska Police Department, and are sued in both their individual and official capacities. (*Id.* at CM/ECF p. 3.) Defendants Nels Sorenson, Bryan Spitznogle and Matt Shultz (collectively, the "County Officers") are employed by the Jefferson County, Nebraska Police Department,

and are sued in both their individual and official capacities. (*Id.*) Defendants Linda Bauer and Timothy Noerrlinger (the "Prosecutors") are employees of Jefferson County, Nebraska and are sued in both their individual and official capacities. (*Id.*) Plaintiff asserts he is presently under an outpatient commitment order and is a resident of Jefferson County, Nebraska. (*Id.* at CM/ECF pp. 3-5.)[1]

Condensed and summarized, Plaintiff alleges that he was denied access to the courts because Defendant Matt Shultz "gave" away his "legal papers, evidence, case files, and confidential correspondence letters." (*Id.* at CM/ECF pp. 9-10.) Plaintiff also alleges that the City of Fairbury and Jefferson County do not adequately screen, train or supervise their officers. (*Id.* at CM/ECF pp. 1, 4, 12.) Plaintiff believes this practice has enabled the Fairbury Officers and the County Officers "to use force to violate Plaintiff's Constitutional rights." In addition, Plaintiff alleges that he was denied "equal protection of the laws" because the Prosecutors "failed to recover damages from the individual" who allegedly stole and damaged his car, but were willing to "file charges" against Plaintiff. (*Id.* at CM/ECF pp. 6-9.) Furthermore, Plaintiff alleges "all" of the Defendants are liable for conspiracy, assault, battery, false arrest, false imprisonment, intentional infliction of emotional distress, defamation, and malicious prosecution. (*Id.* at CM/ECF pp. 1, 12.)

Plaintiff seeks compensatory damages in the amount of $10,000.00, "punitive damages pursuant to 42 U.S.C. § 1983," attorney's fees, and expungement of all dismissed cases from his "criminal record forever." (*Id.* at CM/ECF p. 13.) Plaintiff also seeks injunctive relief in the form of a court order that directs the Defendants to stop

---

[1] The court's records show, however, that Plaintiff is currently an inmate at the Nebraska State Penitentiary. (*See* Docket Sheet.)

"depriving Plaintiff of his civil rights and subjecting him to assult [sic], false arrest and malicious prosecution." (*Id.*)

**B.    Applicable Legal Standards on Initial Review**

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States

3

Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993).

**C.   Discussion of Claims**

1.   Access to Courts Claim

The taking of an inmate's legal papers can be a constitutional violation when it infringes on the inmate's right of access to the courts. *Cody v. Weber,* 256 F.3d 764, 768 (8th Cir. 2001). To state a claim for denial of access to the courts, a plaintiff must allege that the defendant(s) hindered his efforts to pursue a non-frivolous legal claim and that the plaintiff suffered some actual concrete injury as a result. *Lewis v. Casey,* 518 U.S. 343, 350-54 (1996).

Plaintiff alleges that he was denied access to the courts because Defendant Matt Shultz "gave" away his "legal papers, evidence, case files, and confidential correspondence letters." (Filing No. 1 at CM/ECF pp. 9-10.) Plaintiff alleges that without his "tools and evidence" it is "hard to respond to pleadings." (*Id.*) Plaintiff also states that his "Mother has tracked down all of these document (sic), but cannot send them through the mail because the DEC opens up mail and reads documents." (*Id.* at CM/ECF p. 10.) Liberally construed, Plaintiff has not set forth enough facts to satisfy the *Lewis* requirements. In particular, simply finding it "hard to respond to pleadings" does not amount to an actual concrete injury.

On its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to clearly state a claim upon which relief can be granted against the Defendants

and to clearly allege an actual concrete injury under *Lewis*. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. In the absence of the filing of an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Failure to Screen, Train, or Supervise Police Officers Claim

Plaintiff alleges that the City of Fairbury, Nebraska and Jefferson County, Nebraska do not adequately screen, train or supervise their officers. (Filing No. 1 at CM/ECF p. 4.) The City of Fairbury and Jefferson County are both municipal Defendants. A municipal defendant may only be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County,* 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County,* 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

5

      3)      That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff alleges that the City of Fairbury and Jefferson County's screening policies enabled the Fairbury Officers and the County Officers "to use force to violate Plaintiff's Constitutional rights." (Filing No. 1 at CM/ECF p. 4.) Plaintiff further alleges that these municipalities "maintained policies" with "reckless disregard for the safety of Plaintiff and with deliberate indifference to the rights of Plaintiff." (*Id.*) Liberally construed, Plaintiff has set forth enough facts to nudge his claim across the line from conceivable to plausible for part one of the *Jane Doe* standard. However, Plaintiff has not alleged that City or County policy making officials had notice of the alleged misconduct. Moreover, Plaintiff has failed to allege that the "policies" are the motivating force behind the alleged constitutional violations. Therefore, Plaintiff has not set forth sufficient facts to nudge his claim across the line from conceivable to plausible for parts two and three of the *Jane Doe* standard.

On its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to clearly state a claim upon which relief can be granted against the Defendants and to sufficiently allege parts two and three of the *Jane Doe* standard. Again, any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. In the absence of the filing of an amended complaint in

accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### 3. Equal Protection Claim

"'[T]he constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause . . . .'" *Johnson v. Crooks,* 326 F.3d 995, 999 (8th Cir. 2003) (quoting *Whren v. United States,* 517 U.S. 806, 813 (1996)). However, "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *Olyer v. Boles,* 368 U.S. 448, 456 (1962). Thus, in order to recover on a selective prosecution claim, a plaintiff must demonstrate (1) that he has been "singled out for prosecution while others similarly situated have not been prosecuted for conduct similar to that for which he was prosecuted," and (2) "that the government's discriminatory selection of him for prosecution was based upon an impermissible ground, such as race, religion or his exercise of his first amendment right to free speech." *United States v. Catlett,* 584 F.2d 864, 866 (8th Cir. 1978).

Plaintiff alleges that Defendants Wentz and the Prosecutors violated the equal protection clause because they "failed to recover damages from the individual" who allegedly stole and damaged his car, but were willing to "file charges" against Plaintiff, as they were "out to get" him. (Filing No. 1 at CM/ECF p. 9.) However, Plaintiff failed to allege that he and the individual who stole and damaged his car are similarly situated. Plaintiff also failed to allege that the Prosecutors selected him for prosecution based upon an unconstitutional classification. Therefore, Plaintiff has not adequately alleged an Equal Protection violation.

7

As with Plaintiff's other claims, the court will permit Plaintiff 30 days in which to amend his Complaint to clearly state a claim upon which relief can be granted against Defendants and to sufficiently allege that he is similarly situated to the "individual" who stole and damaged his car and that the Prosecutors selected him for prosecution based on an unconstitutional classification. As with other potential amendments, any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. In the absence of the filing of an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### 4. Malicious Prosecution

In the first part of Plaintiff's Complaint, Plaintiff alleges that the "filing of false charges, resulting in false arrests, implicates 'cruel and unusual punishment' within the meaning of the Eighth Amendment." (*Id.* at CM/ECF p. 1.) Subsequently, Plaintiff alleges that he was maliciously prosecuted because the Prosecutors filed charges against him that were ultimately dismissed. (*Id.* at CM/ECF pp. 11-12.) The court liberally construes these allegations together as a malicious prosecution claim.

"Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (citations omitted). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* Where a prosecutor's actions are investigatory

or administrative, that individual is entitled only to qualified immunity. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996).

The focus in determining the nature of the prosecutor's actions is "whether the [prosecutor's] act was closely related to [her] role as advocate for the state." *Id.* at 1267. The official seeking the protection of absolute prosecutorial immunity "'bears the burden of showing that such immunity is justified for the function in question.'" *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Plaintiff alleges that he was maliciously prosecuted because the Prosecutors filed charges against him that were ultimately dismissed. (Filing No. 1 at CM/ECF p. 8.) Plaintiff also believes that he was "wrongfully charged." (*Id.* at CM/ECF p. 11.) The Supreme Court has held that the doctrine of absolute prosecutorial immunity encompasses filing charges against an individual. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). Therefore, because Linda Bauer and Timothy Noerrlinger enjoy absolute prosecutorial immunity, Plaintiff's malicious prosecution claim is dismissed with prejudice.

       5.    State Law Claims

Liberally construing the Complaint, Plaintiff may also have claims for violations of state law such as assault, conspiracy, intentional infliction of emotional distress, conversion and defamation. Pending amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state law claims. In the event that Plaintiff fails to amend his Complaint in accordance with this Memorandum and Order, the court will not retain jurisdiction over any state law claims and those claims will be dismissed without prejudice to reassertion in state court.

## II. PLAINTIFF'S PENDING MOTION

Also pending before the court is Plaintiff's Motion to Intervene. (Filing No. 8.) In his Motion, Plaintiff states that the law librarian at his institution, Samuel Shaw, took documents from another inmate, Mr. Greenwood, while Mr. Greenwood was "using a law library typewriter to type legal papers" for Plaintiff. (*Id.* at CM/ECF p. 1.) Plaintiff requests that the court issue an order requiring Mr. Shaw "to adhere to the rights guaranteed" by various federal and state laws. Samuel Shaw is not a Defendant in this action, and Mr. Greenwood is not a Plaintiff. (Filing No. 1.) Thus, the court sees no reason to interject itself into issues not raised in Plaintiff's Complaint, and which occurred between two non-parties. In the event that Plaintiff wishes to raise an "access to courts" claim against Mr. Shaw, he may do so in his amended complaint.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Intervene (Filing No. 8) is denied;

2. Plaintiff's malicious prosecution claim against Defendants Linda Bauer and Timothy Noerrlinger is dismissed with prejudice;

3. Plaintiff shall have until **July 14, 2008**, to amend his Complaint to clearly state a claim upon which relief can be granted against Defendants, in accordance with this Memorandum and Order. In the absence of Plaintiff's filing an amended complaint, this case will be dismissed without prejudice and without further notice for failure to state a claim upon which relief may be granted;

4. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims;

5. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **July 14, 2008**, and dismiss if not filed; and

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

Dated this 17th day of June, 2008.

                      BY THE COURT:

                      s/Laurie Smith Camp
                      United States District Judge