## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ROBERT S. HILLARD,** ) | **CASE NO: 4:08CV3031** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **CITY OF FAIRBURY, ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 40.) As set forth below, the Motion is granted in part.

On June 17, 2008, the court conducted a detailed initial review of Plaintiff's claims. (Filing No. 11.) In that Memorandum and Order, the court dismissed Plaintiff's malicious prosecution claims against two Defendants. (*Id.* at CM/ECF pp. 8-9.) Importantly, the court also analyzed each of Plaintiff's remaining claims and required Plaintiff to file an amended complaint in order to state a claim upon which relief may be granted as to each claim. (*Id.* at CM/ECF pp. 4-8.) In accordance with the court's Memorandum and Order, Plaintiff filed his Amended Complaint. (Filing No. 17.) The court thereafter liberally construed the Amended Complaint and determined that Plaintiff had set forth enough allegations to "nudge" his claims "across the line from conceivable to plausible," the same standard used to resolve a motion to dismiss. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted); *see also Burke v. North Dakota Dep't of Corr. and Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (holding that a pro se complaint must be construed liberally).

Rather than file an answer, Defendants filed their Motion to Dismiss, alleging that Plaintiff's claims fail to state a claim upon which relief may be granted. (Filing No. 41.) The court, in its detailed initial review, already resolved that question and declines to revisit it now, with one exception. In its June 17, 2008, Memorandum and Order, the court determined that, with respect to Plaintiff's equal protection claim, he "failed to allege that he and the individual who stole and damaged his car are similarly situated." (Filing No. 11 at CM/ECF p. 7.) As Defendants point out, Plaintiff's Amended Complaint also fails to allege that he was treated differently from similarly situated individuals. Therefore, for the reasons set forth in its June 17, 2008, Memorandum and Order, Plaintiff's equal protection claim is dismissed.

However, also for the reasons set forth in the court's June 17, 2008, Memorandum and Order, Plaintiff has set forth sufficient facts to nudge his remaining claims across the line from conceivable to plausible. Although Plaintiff's remaining claims may ultimately not withstand a motion for summary judgment, they are enough to withstand a Motion to Dismiss, and the remainder of the Motion to Dismiss is denied.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss (Filing No. 40) is granted in part. Plaintiff's equal protection claims are dismissed without prejudice. The remainder of Defendants' Motion to Dismiss is denied without prejudice to reassertion in a motion for summary judgment;

2. In accordance with Federal Rule of Civil Procedure Rule 12(a)(4)(A), Defendants shall file their answer no later than 10 days from the date of this Memorandum and Order;

3. A separate progression order will be entered progressing this matter to final disposition; and

4.      Plaintiff's Motion to Compel (Filing No. 46) is denied without prejudice to reassertion in accordance with the progression order.

DATED this 9th day of September, 2009.

                BY THE COURT:

                s/Laurie Smith Camp
                United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.