### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ROBERT S. HILLARD,** | ) | **CASE NO. 4:08CV3031** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **CITY OF FAIRBURY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Pending before the court are five motions filed by the parties, including Plaintiff's Motion to Compel Discovery (Filing No. 64), Motion for Teleconference Hearing (Filing No. 65), and Motion for Enlargement of Time (Filing No. 77), and Defendants' Motion for Summary Judgment and Brief (Filing Nos. 72 and 74), and Motion to Stay Discovery (Filing No. 75).

### *I. Background*

On November 17, 2009, the court issued an Order setting a schedule for the progression of this case. (Filing No. 53.) This Order required that the parties serve interrogatories and requests for admission by December 17, 2009. (*Id.*) The Order also required that the parties file motions to compel discovery by January 26, 2010. (*Id.*)

On January 15, 2010, Plaintiff filed a Motion to Compel in which he alleged that Defendants' responses to Plaintiff's discovery requests were incomplete, unanswered, or evasively answered. (Filing No. 64 at CM/ECF p. 2.) Plaintiff also filed a Motion for Teleconference Hearing on his Motion to Compel Discovery. (Filing No. 65.) On February 25, 2010, Defendants filed a Motion for Summary Judgment and Brief in which Defendants argued that they are immune from suit (filing nos. 72 and 74). Defendants also filed a Motion asking the court to stay discovery until after the court rules on Defendants' Motion

for Summary Judgment. (Filing No. 75.) In response, Plaintiff filed a Motion for Enlargement of Time in which he argued that he cannot respond to Defendants' Motion for Summary Judgment until after Defendants comply with his requests for discovery. (Filing No. 77 at CM/ECF p. 2.)

## *II. Analysis*

As discussed above, Defendants have filed a Motion for Summary Judgment and Brief, and a Motion to Stay Discovery. (Filing Nos. 72, 74, and 75.) In their Motion to Stay Discovery, Defendants argue that they should not be subjected to the burden of further proceedings until after a ruling has been made on the issue of qualified immunity. (Filing No. 75.) For the reasons discussed below, the court will grant Defendants' Motion to Stay Discovery in part.

Here, Defendants argue that further discovery should not be permitted because they are entitled to qualified immunity. (Filing No. 75 at CM/ECF p. 1.) This argument has merit. "Qualified immunity is not just a defense to liability, it constitutes immunity from suit." See *Hanig v. Lee*, 415 F.3d 822, 824 (8th Cir. 2005). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Because Defendants have raised the defense of qualified immunity, permitting Plaintiff to continue *unlimited* discovery at this time would unduly burden Defendants. Thus, the court will grant Defendants' Motion to Stay Discovery and Further Proceedings in part. (Filing No. 75.) Any further discovery in this matter shall be limited to the issue of qualified immunity only, pending the court's ruling on the issue of qualified immunity.

2

Accordingly, Plaintiff's Motion to Compel Discovery (Filing No. 64) is denied without prejudice to reassertion. Further, Plaintiff's request for an enlargement of time to respond to Defendants' Motion for Summary Judgment (Filing No. 77) is granted, but only as set forth below.

The parties shall have until May 3, 2010, to complete discovery on the issue of qualified immunity only. Discovery on issues unrelated to the issue of qualified immunity is prohibited. After discovery is completed, Plaintiff shall have until May 24, 2010, to respond to Defendants' Motion for Summary Judgment, and Defendants shall have until June 7, 2010, to file a Reply. The Final Pretrial Conference scheduled in this case for June 22, 2010, is cancelled. However, the court may schedule another Final Pretrial Conference after it resolves Defendants' pending Motion for Summary Judgment.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Stay Discovery and Further Proceedings (Filing No. 75) is granted in part. Any further discovery in this matter shall be limited to the issue of qualified immunity only, pending the court's ruling on the issue of qualified immunity;

2. Plaintiff's Motion to Compel Discovery is denied without prejudice to reassertion (Filing No. 64.);

3. Plaintiff's Motion for an Enlargement of Time (Filing No. 77) is granted;

4. Plaintiff's Motion for Teleconference Hearing (Filing No. 65) is denied;

5. The parties shall have until **May 3, 2010**, to complete discovery on the issue of qualified immunity only. Discovery on issues unrelated to the issue of qualified immunity is prohibited at this time;

6. After discovery is completed, Plaintiff shall have until **May 24, 2010**, to respond to Defendants' Motion for Summary Judgment;

7. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: May 24, 2010: deadline for Plaintiff to respond to Defendants' Motion for Summary Judgment;

8. Defendants shall have until **June 7, 2010**, to file a Reply to Plaintiff's Response to their Motion or Summary Judgment;

9. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: June 7, 2010: deadline for Defendants to reply to Plaintiff's response to Defendants' Motion for Summary Judgment; and

10. The Final Pretrial Conference scheduled for June 22, 2010, is cancelled.

DATED this 2nd day of April, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.